11-119-ag
Martynyuk v. Holder

BIA
Montante, IJ
A096 425 953
A096 425 954
A096 425 955
A096 425 956
A096 425 957
A096 425 958
A096 425 959

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
                Circuit Judges.
_____

MYKOLA MARTYNYUK, SVITLANA MARTYNYUK, MYKOLA MARTYNYUK, VOLODYMYR OLINCHUK, ZHANNA OLINCHUK, MARIYA OLINCHUK, MAR'YAN OLINCHUK,
        *Petitioners,*

        v.                                    11-119-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONERS:** Anne E. Doebler, Buffalo, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Ukraine, seek review of a December 22, 2010, decision of the BIA affirming the April 5, 2010, decision of an immigration judge ("IJ"), denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mykola Martynyuk et. al*, Nos. A096 425 953/954/955/956/957/958/959 (B.I.A. Dec. 22, 2010), *aff'g* No. A096 425 953/954/955/956/957/958/959 (Immig. Ct. Buffalo April 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Petitioners have not challenged the agency's denial of CAT relief. Accordingly, we address only their applications for asylum and withholding of removal.

Substantial evidence supports the agency's determination that Petitioners failed to establish past persecution and a well-founded fear of persecution. Martynyuk and his children testified that members of the Ukrainian government and local community discriminated against them on account of their beliefs as Pentecostal Christians, leading to violent attacks against their family, threats to their persons and livelihood, confiscation of their land, and persistent ridicule. The agency reasonably found that the mistreatment Petitioners suffered, in the aggregate, did not rise to the level of persecution because: (1) the "bodily injuries" that Mykola and Volodymyr sustained in one of the two attacks were minor, *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006); (2) absent serious physical harm, ridicule, discrimination and threats

constitute mere harassment, *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); and (3) they did not allege that the economic deprivation they suffered was so severe that it threatened their lives or freedom, *see Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007).

Absent the presumption of future persecution, the agency reasonably found that Petitioners failed to independently establish a well-founded fear of persecution. Although various State Department reports in the record referenced the destruction of, or interference with, church property and title and criticism towards Christians, they did not show a pattern or practice of violence against evangelical Christians. *See* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Furthermore, contrary to Petitioners' argument, the Lautenberg Amendment, which is not binding in asylum proceedings, is too vague to establish that evangelical Christians are typically targeted in Ukraine. *See* Pub. L. No. 101-167, Title V, § 599D, 103 Stat. 1261 (1989) (codified at 8 U.S.C. § 1157). Because substantial evidence supports the agency's determination that Petitioners failed to demonstrate a well-founded fear of persecution on account of their religion, the agency did not

4

err in concluding that they failed to establish their eligibility for either asylum or withholding of removal. *See* 8 U.S.C. § 1252(b)(4)(B); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk